Beck, J.
The trial below was upon an indictment for murder, resulting in a verdict of guilty, upon which the prisoner was sentenced to the penitentiary for and during his natural life.
The single error assigned is, that the court by consent of counsel for the prisoner, and on part of the state as well, permitted the jury to separate at one of its adjournments during the progress of the trial.
The bill of exceptions discloses the facts, which were, that at the close of the testimony on the part of the people, being about the regular hour for adjournment in the evening, the judge inquired, in presence of the jury, if consent would be given for the jury to separate until the hour of eight o’clock next morning. Counsel for the prisoner and for the People both responded affirmatively; whereupon the judge gave the jury proper instructions concerning their duty during the adjournment, and permitted them to separate until next morning.
It is not pretended that any juror was guilty of misconduct during the interval of separation, or that any improper influences were brought to bear upon any member of the panel. The position assumed is, that the fact of separation was error per se, for which the judgment should be reversed.
S. E. Browne and A. IV. Rucker, attorneys for plaintiff in error.
Attorney General, attorney for defendant in error.
The decided weight of authority is so clearly the other way, in cases like the present, that we deem it unnecessary to review the decisions bearing upon the point. The subject is fully considered and many authorities cited in Stephens v. the People, 19 N. Y., 549; see also, McKinney v. the People, 2 Gil., 540, and Jumpertz v. the People, 21 Ill., 409.
It is proper to observe, however, that we regard the practice of permitting jurors to separate during the trial of an important criminal case of the grade of felony, and especially in murder cases, as highly improper, even though the consent of the prisoner be obtained therefor.
Such trials sometimes create considerable excitement in the public mind, and jurors being men, are liable to imbibe somewhat of the popular prejudices of the hour, if permitted to mingle with the masses during the progress of the trial.
It not appearing that the rights of the prisoner in the present case were affected by the separation, the judgment will be affirmed.

Judgment affirmed.